**McDERMOTT v. NEW YORK CENT. R. CO.**

District Court, S. D. New York.

March 27, 1940.

Roth & Roth, of New York City, for plaintiff.

Clive C. Handy, of New York City (K. O. Mott-Smith, of New York City, of counsel), for defendant.

HULBERT, District Judge.

Defendant moves for a dismissal of the complaint for lack of jurisdiction of the subject matter.

Plaintiff, a citizen of the State of New York, has been a railroad man for 36 years and was employed by the defendant, a New York corporation engaged in interstate commerce, as a telegrapher-leverman on the electrical division of the defendant railroad at Glenwood, New York.

On Sept. 7, 1937, after a hearing before an official of the defendant, he was discharged.

The plaintiff has a right of action against the defendant for breach of contract but such an action could not be maintained in this court without alleging diversity of citizenship. Plaintiff, however, contends that the Railway Labor Act (45 U.S.C.A. § 151 et seq.) confers jurisdiction. This statute sets up a National Railroad Adjustment Board for the settlement and adjustment of grievances arising out of the relation of employer and employee engaged in Interstate Commerce. The National Railroad Adjustment Board consists of 36 members, 18 selected by the carriers and 18 by such labor organizations, national in scope, as are organized in accordance with the provisions of Section 2 of the Act, 45 U.S.C.A. § 152. The Board is composed of four divisions acting independent of one another and the fourth division has jurisdiction of disputes involving employees of carriers. Upon failure of any division to agree upon an award because of a deadlock or inability to secure a majority vote of the division members, then such division shall forthwith agree upon and select a

neutral person, to be known as referee, to sit with the division as a member thereof and make an award. Should the division fail to agree upon and select a referee, then either party may certify that fact to the mediation board which is required to select and name the referee.

Plaintiff's employment contract is an agreement between the defendant and the Order of Railroad Telegraphers of which plaintiff claims he was, and still is, a member in good standing. Said agreement provides, inter alia, for the handling of grievances of employees, as well as a channel for the administration of discipline, and provides: "An employee disciplined, or who considers himself unjustly treated, shall have a fair and impartial hearing."

Plaintiff alleges that the hearing accorded him was not such. He appealed to his Brotherhood, the Order of Railroad Telegraphers, pursuant to said agreement but obtained no satisfaction. He next sought relief by applying for unemployment insurance benefits and after a hearing by the Division of Placement and Unemployment Insurance of the New York State Department of Labor, the referee appointed by that agency decided as follows: "Claimant probably violated several rules of the company by his conduct on the day in question. Whether claimant was under the influence of alcohol or by other infractions of the rules of the company was guilty of acts amounting to misconduct is open to a reasonable doubt, to the benefit of which claimant is entitled. I therefore find that a charge of misconduct has not been made out and the normal waiting period applies."

Thereupon plaintiff appealed to the National Railroad Adjustment Board for the determination of his grievance and for reinstatement, but the Adjustment Board refused to entertain his petition on the ground that it was not prosecuted by the labor organization of which he was a member and upon application for rehearing that Board adhered to its previous decision.

Before instituting this action plaintiff appealed to the Order of Railway Telegraphers to present his case to the National Railroad Adjustment Board and met with a refusal.

It appears to me that plaintiff did not exhaust his remedy before the Board, or in the appropriate forum at Chicago, Ill., where the headquarters of the Board is located, to secure final legal action by the Board upon his application. Therefore, the Railway Labor Act does not confer any jurisdiction upon this court. The plaintiff is not without remedy for breach of contract but he cannot maintain his action in this court. For the reason stated, his complaint must be dismissed. Settle order.